JOHN MAGEE v. BULA E. CROKER

156 So. 314.

Division A.

Opinion Filed August 6, 1934.

Petition for Rehearing Denied Sept 6, 1934.

*Coleman & Cook,* for Plaintiff in Error;

*Paty, Warwick & Lake,* for Defendant in Error.

ELLIS, J.—A writ of error was taken by John Magee to an order staying the levy of an execution issued upon a judgment obtained by Magee against Bula E. Croker on May 2, 1932, in the sum of eight thousand seven hundred and fifty dollars.

The judgment was entered upon a stipulation for compromise and settlement between the parties. The terms of th stipulation as recited in the judgment were in substance as follows: First, the judgment should be for the sum of eight thousand seven hundred and fifty dollars; second, the judgment shall be paid by the defendant out of the money coming to her for the lands in the event the suit then pending in the Supreme Court entitled Bula E. Croker v. J. B. McDonald, *et al.,* shall be decided in favor of the defendants under their counterclaim and the defendants shall acquire the lands involved in the suit; third, should the case be decided in favor of Bula E. Croker "and/or" the defendants do not acquire the lands under their option then Bula Croker will pay the judgment for eight thousand seven hundred and fifty dollars "out of the money to be derived from her sale of said ocean front property in Palm Beach County, Florida; provided that if such sale shall not be of a nature to permit the defendant to pay said judgment and all legal and valid prior liens, then the lien thereof shall continue until payment thereof;" fourth, the judgment shall not bear interest and that levy of execution on said judgment will be stayed until defendant herein shall have received money for her said lands as above provided; provided, however, that said stay shall not extend more than ten years beyond the filing in

the office of the Clerk of the above Court of the mandate in the appealed case mentioned in paragraph II hereof."

The question presented to this Court involved the construction of the judgment into which was written the stipulation of the parties which related to a certain cause then pending in the Supreme Court and the manner of its termination.

It is necessary only to refer briefly to the cause mentioned in the stipulation. The judgment was dated May 2, 1932. The case then pending in the Supreme Court was entitled Palm Beach Estates & J. B. McDonald v. Croker, and is reported in the Florida Reports, volume 106 at page 617, 143 South. Rep. 792. The case was decided and opinion filed August 31, 1932.

The plaintiff applied for an execution on the judgment on May 10, 1932, three months and twenty-one days before the decision of the case referred to in the stipulation. However, there was no restriction in the judgment as to the issuing of a writ of execution on the judgment; the stipulation related only to the levy of it.

The Sheriff levied upon certain lands in March, 1934.

The cause pending in the Supreme Court, referred to in the stipulation, was merely a phase of the litigation begun by Mrs. Croker against Palm Beach Estates and Otto Kahn in Palm Beach County in December, 1923. In that suit Mrs. Croker sought to cancel certain deeds of conveyance made by her and her husband to J. B. McDonald of certain lands owned by the Crokers by entireties, and by McDonald conveyed to Palm Beach Estates. The defendants in their answer averred that under the terms and conditions on which the title to the land had vested in McDonald he or his assigns had the right to purchase the land unsold at the price and upon the trems agreed upon between the original

parties; that the plan was conceived in honesty and carried out in good faith and that the defendants made an offer to purchase all the unsold lands upon the terms of the agreement.

The case came to the Supreme Court by appeal from an order affecting the pleadings in the case. A motion was made in the trial court to strike certain parts of the joint and several answer and exceptions were taken to certain portions of the answer and counterclaim of the defendants. The motion and exceptions was overruled and Bula Croker appealed. The court held that the answer contained no scandalous or impertinent matter to justify exceptions and motions to strike any portion of it. The court held also that in the transaction involved wherein the title to the land became vested in McDonald the parties intended to create a trust, and that the option to purchase, which was contained in the agreement existing at the time of the conveyance of the land to McDonald, was enforceable. The court sustained the rulings of the Chancellor. See Croker v. Palm Beach Estates and J. B. McDonald, 94 Fla. 171, 114 South. Rep. 225.

The next appearance of the case in the Supreme Court presented questions of fact. It was entitled in this Court Palm Beach Estates et al. v. Croker, and is reported in the 106th volume of the Florida Reports at page 617, 143 South. Rep. 792, and was decided August 31, 1933.

When the Palm Beach Estates and McDonald filed their answer and counterclaim to the fourth amended bill of Mrs. Croker they sought to exercise under the contract their option to purchase the property and pursuant to such exercise of their option they deposited in the Registry of the court the sum of $529,466.00 and simultaneously with that tender delivered into the Registry of the Court five promis-

sory notes each in the sum of $211,786.40 which were payable in October, 1925, 1926, 1927, 1928, and 1929, respectively. A mortgage was also deposited to secure the payment of the notes.

The bank in which the money was deposited failed and as a result of that incident about $217,000.00 of the deposit was lost. About sixty days before the maturity of the fifth note a final decree in the cause was entered. The equities were held to be with the defendants Palm Beach Estates and McDonald, and that Mrs. Croker should be required to make a conveyance of the land pursuant to the appellants' exercise of their option to purchase and that the Palm Beach Estates and McDonald should pay to Mrs. Croker the full sum of $529,466.00 which had been tendered in court without deducting therefrom the $217,000.00 loss occasioned by the insolvency of the depository. The Chancellor also decreed that the Palm Beach Estates and McDonald should pay all the matured notes together with interest without deduction for time out due to Mrs. Croker's refusal to recognize the option or to accept the notes. The litigation had continued from December, 1923; a period of nearly nine years.

This Court in that case sustained the Chancellor's specific finding on the facts which was in favor of the Palm Beach Estates and J. B. McDonald in regard to their counterclaim but the Court modified the decree by abating the interest which accrued on the agreed purchase price *pendente lite* and that the Palm Beach Estates should be permitted to give notes and security not as of the date of the original tender of the same into court but as of the date of the final decree entered on August 21, 1929. To that extent the decree was reversed and the cause remanded with directions to modify the final decree according to the holding of this Court.

For nine years Mrs. Croker had maintained in the courts a controversy in which she contended that the Palm Beach Estates and J. B. McDonald had no right under the original agreement to purchase of the land and a conveyance of it by her to them under the terms set out in the agreement executed simultaneously with the deed of conveyance according to which McDonald was to sell the land. At the end of the litigation when the court entered its modified decree she lost her right. The case was decided in favor of Palm Beach Estates and J. B. McDonald.

Now the condition in the stipulation on which the judgment in this case was entered as expressed in the second paragraph contained two clauses which were interdependent; one, that the case referred to should be decided in favor of Palm Beach Estates and McDonald, and the other was that they should acquire the lands involved in the suit. So that until the suit was won by Palm Beach Estates and McDonald and they had acquired the land the condition cannot be said to be fulfilled.

Now when the stipulation was entered into by the parties it was known to them that there was a deposit in the Registry of the court by way of a tender by the Palm Beach Estates and McDonald to Mrs. Croker of the cash payment required for the purchase of the land. The title to that money was held to be in the Palm Beach Estates and McDonald, so that the loss of part of it occasioned by the insolvency of the bank should fall upon them and they should make it good. It is conceded that such has not been done and the parties to the stipulation did not provide that the judgment should be paid out of that sum but that it should be paid out of the money coming to Mrs. Croker for the lands in the suit which the Palm Beach Estates and McDonald should acquire. It is conceded that they have not

yet acquired the land, so the judgment according to the terms of the stipulation is not yet payable under the second clause of the stipulation.

The third clause of the stipulation provides that if the Palm Beach Estates and McDonald do not acquire the lands under the option then Mrs. Booker will pay the judgment out of the "money to be derived from her sale of said ocean front property." That condition has not been fulfilled, and cannot be until the title to the land is again vested in Mrs. Croker and she effects a sale of the property.

By the terms of the stipulation the judgment creditor was not to be put off indefinitely by the contingency of no sale by Mrs. Croker in the event the lands were not acquired by Palm Beach Estates and McDonald, but the judgment should continue as a lien on the lands and the stay of execution should not extend for more than ten years.

In this view of the case we hold that the judgment of the Court should be and the same is hereby affirmed.

DAVIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.